DANIEL J. BERMAN, ESQ.
BERMAN LAW FIRM
Suite 503, Bank of Guam Bldg.
111 W Chalan Santo Papa
Hagåtña, Guam 96910
Telephone No.: (671) 477-2778
Facsimile No.: (671) 477-4366

Attorney for Defendant
SAMSUNG E&C AMERICA, INC.

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| WORLD MERIDIAN SASAJYAN, LLC, | ) ) | CIVIL CASE NO. 21-00024 |
| | ) | Superior Court of Guam |
| Plaintiff, | ) | Civil Case No. CV0607-21 |
| | ) | |
| vs. | ) | NOTICE OF REMOVAL |
| | ) | |
| KOREA ELECTRIC POWER COMPANY /KEPCO-LG CNS Mangilao Solar, LLC, SAMSUNG E&C AMERICA, INC., and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL OF SUPERIOR
## COURT OF GUAM ACTION TO FEDERAL COURT

Pursuant to 28 USCS §§ 1332, 1441, and 1446, Defendant Samsung

E&C America, Inc. ("Defendant Samsung"), hereby removes this action from the

Superior Court of Guam, where it is currently pending, to the United States District

Court for the District of Guam. The Court has jurisdiction over this action, and it

is properly removable to this Court, because the parties are completely diverse and the amount in controversy exceeds $75,000.

In support of this removal, Defendant Samsung states as follows:

1.  Plaintiff World Meridian Sasajyan, LLC ("Plaintiff") commenced this action on August 13, 2021, by filing its Complaint in the Superior Court of Guam, as Civil No. CV0607-21 ("Complaint"), attached hereto as part of Exhibit A.  Service of the Complaint on Defendant Samsung was made on August 13, 2021.  Service of the Complaint on Defendant KEPCO-LG CNS Mangilao Solar, LLC (n/k/a KEPCO Mangilao Solar, LLC) ("Defendant KEPCO") was made on August 13, 2021.

2.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 USCS § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 USCS § 1332 and Defendants have satisfied the procedural requirements for removal.

GROUNDS FOR REMOVAL

3.  This action may be removed under 28 USCS § 1441(a) because the Court has original jurisdiction under 28 USCS § 1332(a)(1).  There is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition, no defendant is a citizen of the Territory of Guam.

2

A.    The Requirements for Diversity Jurisdiction Are Satisfied

4.    Upon information and belief, Plaintiff is a Guam LLC with two members, CC Holdings, LLC and Sasajyan Land Company, LLC.

5.    For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

6.    For diversity purposes, the citizenship of a corporation is both: (1) the state where it is incorporated; and (2) the State where it has its principal place of business.  28 USCS § 1332(c)(1).

7.    Upon information and belief, CC Holdings, LLC is a Guam LLC whose members/owners are Eduardo Calvo and Leonard Calvo, both residents of Guam.

8.    Upon information and belief, Sasajyan Land Company, LLC is a Guam LLC whose members/owners are Eduardo Calvo, a resident of Guam, and CC Holdings, LLC, a Guam LLC whose members/owners are Eduardo Calvo and Leonard Calvo, both residents of Guam.

9.    Accordingly, Plaintiff is a citizen of the Territory of Guam for purposes of diversity.

10.   Defendant Samsung is a Texas corporation with its principal place of business in Texas.

1017092.1

11.     Accordingly, Defendant Samsung is a citizen of Texas for purposes of diversity.

12.     Upon information and belief, Defendant KEPCO's sole member is Mangilao Investment, LLC.

13.     Upon information and belief, the members of Mangilao Investment, LLC are KEPCO Mangilao America, LLC, and Mangilao Intermediate Holdings, LLC.

14.     Upon information and belief, the sole member of KEPCO Mangilao America, LLC is Korea Electric Power Company, a Korean corporation, with its principal place of business in Korea.

15.     Upon information and belief, the sole member of Mangilao Intermediate Holdings, LLC is KEPCO Mangilao Holdings, LLC (f/k/a KEPCO-LG CNS Mangilao Holdings, LLC).

16.     Upon information and belief, the sole member of KEPCO Mangilao Holdings, LLC is Korea Electric Power Corporation, a Korean corporation, with its principal place of business in Korea.

17.     Accordingly, Defendant KEPCO is a Korea citizen for purposes of diversity.

18.     Accordingly, there is complete diversity between the parties.

4

19.     Plaintiff is seeking unspecified damages purportedly arising from and related to its claims for Nuisance, Private Nuisance, Natural Resource Damage, Trespass, Waste, Negligence and Negligence Per Se. Complaint, ¶¶ 32-80.

20.     Plaintiff has made a pre-litigation settlement demand that exceeds the jurisdictional minimum of $75,000.00.

21.     Defendant Samsung disputes the claims in their entirety.

22.     Therefore, the amount in controversy exceeds the $75,000.00 minimum threshold for diversity jurisdiction under 28 USCS § 1332(a).  28 USCS § 1332(a).

B.     The Other Requirements For Removal Are Satisfied

23.     In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

24.     Defendants Samsung and KEPCO were served with the Complaint in this action on August 13, 2021.  Accordingly, this Notice of Removal is timely filed pursuant to 28 USCS § 1446(b).

25.     No defendant is a citizen of the Territory of Guam, where this action was brought.  See 28 USCS § 1441(b)(2).

26.     The Superior Court of Guam is located within the District of Guam.  See 28 USCS § 1441(a).

5

27.     No previous application has been made for the relief requested herein.

28.     Pursuant to 28 USCS § 1446(a), copies of all papers served upon Defendants are attached collectively as Exhibit A.  Pursuant to 28 USCS § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court of Guam.

WHEREFORE, Defendant Samsung respectfully requests that this action proceed in this court as an action properly removed to it.

DATED:     Hagåtña, Guam, September 6th, 2021.

*Daniel J Berman*

_____

DANIEL J. BERMAN
BERMAN LAW FIRM

Attorney for Defendant
SAMSUNG E&C AMERICA, INC.

1017092.1

Exhibit "A"



The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta "



FILED
SUPERIOR COURT
OF GUAM
2021 AUG 13 PM 1: 54
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

WORLD MERIDIAN SASAJYAN, LLC,  ) CIVIL CASE NO. CV_____ CV 0607-21
                                )
                    Plaintiff,  )
                                )
        vs.                     )
                                )
KOREA ELECTRIC POWER            )       **S U M M O N S**
COMPANY /KEPCO-LG CNS Mangilao  )
Solar, LLC, SAMSUNG E & C       )
AMERICA, INC and DOES 1 through )
10, inclusive,                  )
                                )
                   Defendants.  )
_____ )

**TO DEFENDANT:  SAMSUNG E&C AMERICA, INC.**

**YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE** upon the Law

Offices of Phillips & Bordallo, P.C., attorneys for Plaintiff, whose address is:

The Law Offices of Phillips & Bordallo, P.C.
410 West O'Brien Dr., Suite 102
Hagatna, Guam 96910

an Answer to the Verified Complaint For Damages and Injunctive Relief for Public and

Private Nuisance; Trespass; Waste; Negligence and Negligence Per Se; Declaratory

Relief; and  Demand for Jury Trial, which is herewith served upon you, within twenty

(20) days after service of this Summons to you, exclusive of the day of service.  If you

fail to do so, judgment by default will be taken against you for the relief demanded in the

Complaint.     AUG 13 2021

Dated: _____.

                            **DANIELLE T. ROSETE**
                            Clerk, Superior Court of Guam

                    By: **Crystal Leon Guerrero**
                        _____
                        **Deputy Clerk**



The Law Offices of

# PHILLIPS & BORDALLO

A Professional Corporation

410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta "

FILED
SUPERIOR COURT
OF GUAM

2021 AUG 13 PM 1: 53

CLERK OF COURT

By:_____

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

WORLD MERIDIAN SASAJYAN, LLC,     )

                           )

                    Plaintiff,    )

                           )

          vs.                  )

                           )

KOREA ELECTRIC POWER           )
COMPANY /KEPCO-LG CNS Mangilao   )
Solar, LLC, SAMSUNG E & C          )
AMERICA, INC and DOES 1 through     )
10, inclusive,                          )

                           )

                 Defendants.    )

                           )

CIVIL CASE NO. CV 0607 - 21

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR:**
**1) PUBLIC NUISANCE;**
**2) PRIVATE NUISANCE;**
**3) NATURAL RESOURCE DAMAGE;**
**4)TRESPASS;**
**5) WASTE;**
**6) NEGLIGENCE AND NEGLIGENCE PER
   SE; STRICT LIABILITY; RES IPSA
   LOQUITUR;**
**7) DECLARATORY RELIEF; AND**
**8) DEMAND FOR JURY TRIAL**

Plaintiff WORLD MERIDIAN SASAJYAN, LLC (hereinafter referred to as "Plaintiff"), through its attorneys of record, The Law Offices of Phillips & Bordallo, P.C., by Michael F. Phillips, Esq., alleges as follows against Defendants KOREA ELECTRIC POWER COMPANY/KEPCO-LG CNS Mangilao Solar, LLC ("KEPCO")and SAMSUNG E&C AMERICA, INC. (hereinafter referred to collectively as "Defendants"):

## JURISDICTION

1.     Jurisdiction in this matter is vested in this Court pursuant to Title 7 of the Guam Code Annotated § 3105 and § 4101 et. seq.; 20 G.C.A. § 10101 et. seq., 20 G.C.A. §11104, 20 G.C.A. §§ 12101 and 12103; and 21 G.C.A § 23101 et. seq.

## PARTIES

2.     Plaintiff WORLD MERIDIAN SASAJYAN, LLC ("WMS") is now, and at all times mentioned herein was, a limited liability company organized, duly licensed and authorized to do business in Guam.

3.     Upon information and belief, Defendant KEPCO, is, and at all times mentioned herein was, a limited liability company organized, duly licensed and authorized to do business in Guam.

4.     Upon information and belief, Defendant KEPCO, is the owner of Lot 1-R3 Tract 1541 in Sasayan, Mangilao, Guam ("KEPCO's Property"), the site of the KEPCO Mangilao Solar Project.

5.     Plaintiff WMS is the owner of Lot 1-2, Tract 1541, located in Sasayan, Mangilao, Guam ("Plaintiff's Property") which is east and adjacent to KEPCO's Property and is situated between KEPCO's Property and Lot 1-3, Tract 1541and Lot 5354-3A-1-2. Sasayan Cave, also known as, "Marbo Cave" is located on Plaintiff's Property. See, Property Map, attached as Exhibit "A1-A2". Plaintiff refers to its land and water area as "Marbo Cave".

6.     Upon information and belief, Defendant Samsung E & C America, Inc. ("Samsung"), is, and at all times mentioned herein was, a corporation duly licensed and authorized to do business in Guam.

7.     Upon information and belief, Defendant Samsung is actively engaged in massive earth moving operations as part of the construction of the Mangilao Solar Project located on KEPCO's Property.

2

8.      Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities of such Defendants when the same have been ascertained.

9.      Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, each of the Defendants was and now is the agent, servant, employee, representative and alter ego of each of the remaining Defendants, and, in doing the things hereinafter alleged, was acting within the scope of his/her or its authority as such an agent, servant, employee, representative and alter ego, with the knowledge, permission, consent and ratification of the remaining Defendants.

**BACKGROUND**

10.      On July 29, 2021 the Guam Environmental Protection Agency ("GEPA") issued to Defendant Samsung, a Notice of Violation/Compliance Order/Penalty Order for its violation of Guam's Soil Erosion and Sediment Control Regulations in 22 GAR Chapter 10 as implemented by Public Law 25-152.   See, Notice of Violation/Compliance Order/Penalty Order dated July 29, 2021 attached as Exhibit "B1-B5".

11.      Plaintiff is informed and believes and on that basis alleges Defendants' Mangilao Solar Project has been ongoing since at least July 20, 2020.  Defendants are actively engaged in earth moving operations as part of their Mangilao Solar Project.

12.      Plaintiff is informed and believes and on that basis alleges the Northern Guam Lens Aquifer supplies eighty percent (80%) of the Island's drinking water.

13.    Plaintiff is informed and believes and on that basis alleges Defendants knew that the Mangilao Solar Project is located within a watershed area.

14.    Plaintiff is informed and believes and on that basis alleges the Department of Public Works ("DPW") and GEPA approved permits for the construction of the Mangilao Solar Project with certain conditions.

15.    Plaintiff is informed and believes and on that basis alleges as part of the permitting process, Defendants were required to submit and receive approval of its Erosion and Sediment Control Plan ("E&SC Plan") from GEPA.

16.    Plaintiff is informed and believes and on that basis alleges that under the terms of the Mangilao Solar Project E&SC Plan, perimeter erosion controls and ponding basins were required to be installed prior to any grubbing or earthwork activities to protect the surrounding properties and environment in general, including and especially, Marbo Cave, the Northern Guam Lens Aquifer and the ocean.

17.    Plaintiff is informed and believes and on that basis alleges Defendants, and each of them, had a duty to implement erosion and sediment control in line with best management practices and local regulations.

18.    Plaintiff is informed and believes and on that basis alleges Defendants were required to construct five (5) ponding basins and revegetation underneath solar arrays.

19.    Plaintiff is informed and believes and on that basis alleges that in GEPA's July 29, 2021 Notice of Violation report, GEPA received a complaint on July 23, 2021 alleging substantial discharge of runoff and sediment from the Mangilao Solar Project. See, Site Inspections Report dated July 23, 2021 attached as Exhibit "C1-C24".

4

20.    Plaintiff is informed and believes and on that basis alleges GEPA conducted a site inspection and observed evidence of significant off-site discharge and sedimentation from at least two (2) locations at the Mangilao Solar Project.

21.    Plaintiff is informed and believes and on that basis alleges Defendants, and each of them, purposefully failed to fully implement the approved measures required under the Mangilao Solar Project E&SC Plan despite the explicit conditions of its permit(s) and construction being at an advanced stage.

22.    Plaintiff is informed and believes and on that basis alleges GEPA conducted a follow up inspection on July 28, 2021 and observed evidence of significant discharge of runoff and sediment from the Mangilao Solar Project into Marbo Cave, including the freshwater pools thereon, and the surrounding area.

23.    Plaintiff is informed and believes and on that basis alleges GEPA observed extensive erosion damage and sedimentation into Marbo Cave including its freshwater pools and the surrounding area.

24.    Plaintiff is further informed and believes Defendants, over the course of its operations on KEPCO's Property, caused the discharge and accumulation of sediment and water to deposit on Plaintiff's Property including Marbo Cave and its freshwater pools.

25.    Plaintiff is informed and believes and on that basis alleges that Defendants engaged in the practice of causing mass soil erosion and the transfer and deposit of sediment on to Plaintiff's Property without Plaintiff's consent and in violation of the law and the terms of its permit(s).

PHILLIPS & BORDALLO

26.　Plaintiff is informed and believes and based thereon alleges that the apparent purpose of the manner in which Defendants conducted their operations causing damage and trespass onto Plaintiff's Property was intentional to avoid time, cost and expense of properly and legally managing such earth moving operations in compliance with the law and the terms of its permit(s).

27.　Plaintiff is informed and believes and based thereon alleges that Defendants' failure to properly control and/or mediate soil erosion and deposit of other hazardous substances, wastes and debris on Plaintiff's Property is and has been an ongoing and intentional practice without Plaintiff's permission or consent resulting in a condition of heavy pollution and nuisance on Plaintiff's Property.

28.　Plaintiff is informed and believes and based thereon alleges that Defendants Does 1 through 10 are generators of waste that have been deposited onto Plaintiff's Property and that said Defendants are parties that engaged in the earth moving operations which caused the discharge, runoff and accumulation of waste, soil, sediments, hazardous materials, contaminant and pollutants on Plaintiff's Property. As such, Defendant Does 1 through 10 are responsible and liable parties as transporters and/or generators and/or those who engaged in the earth moving operations which caused the discharge, runoff and accumulation of waste, soil, sediments, hazardous materials, contaminants and pollutants on Plaintiff's Property.

29.　Defendants or either of them do not have a lease agreement with Plaintiff for the use of Plaintiff's Property.

6

30. As a result of Defendants' actions, a condition of pollution and/or nuisance exists on Plaintiff's Property and Marbo Cave and this condition of pollution and nuisance has created and continues to create a dangerous situation and threat to Plaintiff's enjoyment of its property.

31. Plaintiff has sustained general, special and property damages in amounts to be determined at trial.

## FIRST CAUSE OF ACTION

### (For Public Nuisance Against all Defendants)

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 above in their entirety as if fully set forth herein.

33. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, by acting or failing to act, willfully or with knowing disregard, created or permitted a condition that resulted in soil, sediment, hazardous materials, contaminants and waste being discharged into Guam's freshwater and ocean, and onto Marbo Cave.

34. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, by acting or failing to act, willfully or with knowing disregard, created or permitted a condition that resulted in soil, sediment, debris, trash, hazardous materials, contaminants and waste being discharged and deposited onto adjoining properties, including Marbo Cave and its freshwater pools.

35. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, by acting or failing to act, willfully or with knowing

7

disregard, created or permitted a condition that resulted in large volumes of contaminated water, sediment, hazardous materials and pollutants entering Sasayan Cave, also known as, Marbo Cave, covering the cave and pools with soil, sediment, debris, trash, hazardous materials, contaminants and waste.

36.     Plaintiff is informed and believes and based thereon alleges that an ordinary person would be reasonably annoyed, disturbed or harmed by having soil, sediment, debris, trash, hazardous materials, contaminants and waste discharged and/or deposited onto their land, recreational water, and/or the source of their drinking water.

37.     Plaintiff is informed and believes and based thereon alleges that it is entitled to damages against Defendants, and each of them, who by their actions, inactions and/or omissions, improperly and completely failed to dispose, mediate or prevent the discharge and deposit of hazardous substances, trash, wastes, soil, sediment and other contaminants onto Plaintiff's Property, including Marbo Cave and surrounding areas, and including but not limited to Guam's ground water and freshwater sources.

## SECOND CAUSE OF ACTION

### (For Private Nuisance Against all Defendants)

38.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 above in their entirety as if fully set forth herein.

39.     The existence of pollution, accumulated sediment and other waste materials in the soil and in the ground on Plaintiff's Property has resulted in a condition which is injurious to the health and offensive to the senses, and which is an obstruction

8

to the free use of Plaintiff's Property, and an interference with Plaintiff's comfortable use and enjoyment of its property.

40.     As a result of the action, inactions and omissions of the Defendants, and each of them, a continuing and/or permanent nuisance exists and continues to exist resulting in damage to the Plaintiff on a daily basis, with each run-off or threatened run-off of soil, debris, pollutants and waste deposited onto Plaintiff's Property, giving rise to a new cause of action.  Alternatively, to the extent the injuries and damages cannot be abated, the nuisance is permanent with permanent damages and injuries to Plaintiff.

41.     The condition of pollution and nuisance is specifically injurious to Plaintiff in that the damages and injuries resulting therefrom are different in type and effect from any damages or injuries that may have resulted to the entire community or neighborhood, in light of Plaintiff's fee simple interest in its property and in property adjacent thereto and in the vicinity of KEPCO's Property and in light of Plaintiff's desired use of such property.

42.     As a result of the action, inactions and omissions of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to any and all amounts incurred and to be incurred for the investigation, assessment, monitoring, treatment, removal and/or remediation of hazardous substances, contamination and waste on Plaintiff's Property, the diminution in value of Plaintiff's Property and the loss of use of Plaintiff's Property, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

43. Plaintiff prays that a mandatory and/or prohibitory injunction be issued requiring Defendants herein, and each of them, to enjoin and abate the alleged nuisance and/or to perform any and all assessment, monitoring, investigation, removal, remediation, treatment, cleanup or otherwise to accomplish the same indemnifying and holding Plaintiff harmless from any claims, demands, liability and damages related to or resulting therefrom, directly or indirectly, on terms and conditions acceptable to Plaintiff.

44. Plaintiff is informed and believes and based thereon alleges that it is entitled to damages against Defendants, and each of them, who by their actions, inactions and/or omissions, improperly and completely failed to dispose, mediate or prevent the discharge and deposit of hazardous substances, trash, wastes, soil, sediment and other contaminants onto Plaintiff's Property, including Marbo Cave and surrounding areas, and including but not limited to Guam's ground water and freshwater sources.

### THIRD CAUSE OF ACTION

### (For Natural Resource Damage Against all Defendants)

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 above in their entirety as if fully set forth herein.

46. Plaintiff is informed and believes and based thereon alleges that Guam is the owner and trustee of all ground water in all surface water sources and underground water sources.

47. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, by acting or failing to act, willfully or with knowing disregard created or permitted a condition that has damaged Guam's waters.

10

PHILLIPS & BORDALLO

48. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, by acting or failing to act, willfully or with knowing disregard created or permitted a condition that has caused and continues to cause damage to Guam's natural resources and environment.

49. As a result of Defendants actions herein Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the investigation, assessment, monitoring, removal and/or remediation of hazardous substances, wastes and/or contamination, the diminution in value of Plaintiff's Property, the loss of use and all other amounts to be determined in the Courts with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

50. Plaintiff is informed and believes and based thereon alleges that it is entitled to exemplary damages as provided in 20 G.C.A. §2120 for the sake of example and by way of punishing Defendants who by their actions, inactions and/or omissions, acted with oppression, fraud, self-interest, arrogance and/or malice, express or implied, when Defendants, and each of them, improperly and completely failed to dispose, mediate or prevent the discharge and deposit of hazardous substances, trash, wastes, soil, sediment and other contaminants onto Plaintiff's Property, including Marbo Cave and surrounding areas, and including but not limited to Guam's ground water and fresh water sources.

PHILLIPS & BORDALLO

## FOURTH CAUSE OF ACTION

### (For Trespass Against all Defendants)

51.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 above in their entirety as if fully set forth herein.

52.    The hazardous substances, wastes and contamination existing in the soil and ground and deposited on Plaintiff's Property and the continued migration of the same constitutes a continuing and/or permanent trespass on Plaintiff's Property caused by the actions, inactions and omissions of the Defendants, whereby the Defendants have acted negligently, intentionally and tortuously in failing to prevent, abate and enjoin such trespass and in failing to investigate, assess, monitor, treat, remove and/or remediate such hazardous substances, wastes and contamination.

53.    As a result of the actions and inactions of the Defendants and each of them, a continuing trespass exists and continues to exist resulting in damage to the Plaintiff on a daily basis with the presence and each release, run-off or threatened release or threatened run-off of any hazardous substance, waste or contamination and each migration of the same from KEPCO's Property and deposited onto Plaintiff's Property, giving rise to a new cause of action. Alternatively, to the extent any damages and/or injuries cannot be abated, the trespass is permanent, with permanent damages and injuries to Plaintiff.

54.    As a result of the actions and inactions of the Defendants, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the

investigation, assessment, monitoring, removal and/or remediation of hazardous substances, wastes and/or contamination, the diminution in value of Plaintiff's Property, the loss of use and all other amounts to be determined in the Courts with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

55. Plaintiff requests a mandatory and/or prohibiting injunction be issued requiring Defendants and each of them to enjoin and abate the alleged trespass and/or to perform any and all assessment, monitoring, investigation, removal, remediation, treatment, cleanup or otherwise to accomplish the same indemnifying and holding Plaintiff harmless from any claims, demands, liability and damages related to or resulting therefrom, directly or indirectly, on terms and conditions acceptable to Plaintiff.

## FIFTH CAUSE OF ACTION

### (For Waste Against all Defendants)

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55 above in their entirety as if fully set forth herein.

57. As a result of the Defendants' use, handling and failure to prevent and remediate soil erosion run-off, hazardous substances and wastes deposited on Plaintiff's Property and the contamination resulting therefrom to Plaintiff's Property, the Defendants have committed waste on Plaintiff's Property and have rendered Plaintiff's Property unfit for use or occupancy, resulting in a diminution in the use and marketability of Plaintiff's Property and a diminution in the value of Plaintiff's Property.

13

58.   Rather than take action to prevent or mediate the soil run-off and contamination to surrounding properties, Defendants and each of them, allowed Plaintiff's Property to be used as the dumping ground for hazardous substances, sediments, pollutants and wastes  as described above.

59.   The damage and waste committed to Plaintiff's Property by Defendants, and each of them, is in excess of the damage and destruction to Plaintiff's Property as expected from reasonable usage.

60.   As a result of the waste committed to Plaintiff's Property by Defendants, and each of them, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to any and all amounts incurred and to be incurred for the investigation, assessment, monitoring, treatment, removal and/or remediation of the hazardous substances, contamination and wastes from Defendants' Property, the diminution in value of Plaintiff's Property, and the loss of use of Plaintiff's Property, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

61.   Plaintiff further prays that a mandatory and/or prohibitory injunction be issued requiring Defendants to remedy the waste they committed on Plaintiff's Property, and to perform any and all actions necessary to assess, investigate, remove, remediate, treat, monitor and/or cleanup the hazardous substances, waste, and contamination from Plaintiff's Property and to remedy the waste committed by Defendants during and as a result of their operations at the Mangilao Solar Project site or KEPCO's Property, indemnifying and holding Plaintiff harmless from any claims, demands, liability and

14

damages related to or resulting therefrom, directly or indirectly, on terms and conditions acceptable to Plaintiff.

## SIXTH CAUSE OF ACTION

### (For Negligence and Negligence Per Se Against all Defendants)

62.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61 above in their entirety as if fully set forth herein.

63.    Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, owed a duty of care to Plaintiff to prevent the type of harm which resulted from Defendants' negligent actions, inactions and omissions.

64.    Plaintiff is informed and believes and on that basis alleges that as a result of Defendants' breach of its duty of care, Defendants caused the harm described herein to Plaintiff.

65.    Plaintiff is informed and believes and on that basis alleges as a result of Defendants' breach of its duty of care, the hazardous substances, trash, debris, sediments, wastes and contamination in the soil and ground on Plaintiff's Property and surrounding areas were in fact deposited, in whole or in part, as a result of the negligence and careless actions, inactions and omissions and the reckless conduct of the Defendants, in their construction of and operations at the Mangilao Solar Project site, and in their actions, inactions, omissions and reckless conduct in failing to abide by the law and terms of its permit(s) and  to develop and maintain procedures and policies for the prevention, proper treatment and mediation of hazardous substances, wastes,

15

contaminants and soil run-off and /or in responding to the deposit or threatened deposit of the same on Plaintiff's Property.

66.     Plaintiff is informed and believes and on that basis alleges that Defendants' actions, inactions, omissions and reckless conduct in failing to dispose, mediate or prevent the discharge and deposit of hazardous substances, wastes, and other contaminants on to Plaintiff's Property and surrounding areas were the proximate cause of the harm to Plaintiff and surrounding areas.

67.     Defendants actions in improperly and completely failing to dispose, mediate or prevent the discharge and deposit of hazardous substances, wastes, and other contaminants onto Plaintiff's Property constitute violations of applicable environmental laws including, but not limited to, Guam's Soil Erosion and Sediment Control Regulations, 22 GAR Chapter 10 as implemented by Public Law 25-152 and related provisions thereto. As such, the actions and inactions and omission of Defendants, and each of them, were negligent per se as such actions violate express statutory provisions prohibiting such conduct and activity.

68.     As a result of the negligent and reckless actions, inactions and omissions of Defendants, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages, including but not limited to amounts incurred or to be incurred by Plaintiff for the assessment, monitoring, investigation, removal and/or remediation of hazardous substances, wastes and contamination on Plaintiff's Property as well as resulting from the diminution in the value of Plaintiff's Property, lost use of Plaintiff's Property and other amounts that have not been fully ascertained at this time,

16

PHILLIPS & BORDALLO

but all of which will be more specifically shown in accordance with proof at the time of trial.

69.     Plaintiff is informed and believes and on that basis alleges that Defendants violated Guam's Soil Erosion and Sediment Control Regulations, 22 GAR Chapter 10 as implemented by Public Law 25-152 and related provisions thereto.

70.     Plaintiff is informed and believes and on that basis alleges that the intent of Guam's Soil Erosion and Sediment Control Regulations, 22 GAR Chapter 10 as implemented by Public Law 25-152 and related provisions are intended to prevent the type of injury, caused by Defendants, and each of them, which occurred on Plaintiff's Property, including Marbo Cave and surrounding areas, and including but not limited to Guam's ground water and fresh water sources.

71.     Plaintiff is informed and believes and on that basis alleges that Plaintiff is among the class of individuals the law was intended to protect.

72.     Plaintiff is informed and believes and on that basis alleges that Plaintiff ordinarily would not have suffered the damages described herein without Defendants' negligence and violation of the law.

73.     Plaintiff is informed and believes and on that basis alleges that the damages resulting from Defendants' actions, inactions and omissions in handling and failing to remediate soil erosion run-off, hazardous substances, trash, debris and wastes deposited on Plaintiff's Property was within Defendants' exclusive control.

74.     Plaintiff's actions did not cause or contribute to the harm Plaintiff suffers from the damages described herein.

17

75.     Plaintiff is informed and believes and based thereon alleges that the harm caused by Defendants' abnormally dangerous activities and conditions from Defendants' actions, inactions and omissions in handling and failing to remediate soil erosion run-off, hazardous substances, trash, debris and wastes deposited on Plaintiff's Property and surrounding areas warrants a finding of strict liability against Defendants, and each of them.

76.     As a result of Defendants actions herein Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the investigation, assessment, monitoring, removal and/or remediation of hazardous substances, wastes and/or contamination, the diminution in value of Plaintiff's Property, the loss of use and all other amounts to be determined in the Courts with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

77.     Plaintiff is informed and believes and based thereon alleges that it is entitled to exemplary damages as provided in 20 G.C.A. §2120 for the sake of example and by way of punishing Defendants who by their actions, inactions and/or omissions, acted with oppression, arrogance, callous disregard of the property of others and the law, fraud, and/or malice, express or implied when Defendants, and each of them, improperly, unlawfully and completely failed to dispose, mediate or prevent the discharge and deposit of hazardous substances, trash, wastes, soil, sediment and other contaminants onto

18

Plaintiff's Property, including Marbo Cave and surrounding areas, and including but not limited to Guam's ground water and fresh water sources.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief Against all Defendants)

78.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77 above in their entirety as if fully set forth herein.

79.    An actual controversy exists between Plaintiff and Defendants herein in that Plaintiff contends and  Defendants deny that if Plaintiff's allegations with respect to its damages and injury are true, that Defendants, and each of them, have responsibility for such costs and damages that have been or will be incurred for activities performed and/or to be performed in the repair, investigation, assessment, monitoring, treatment, removal, remediation and cleanup of any hazardous substances, wastes or contamination deposited on Plaintiff's Property and for the diminution in the market value of Plaintiff's Property and the loss of use and for such other damages in amounts that Plaintiff will continue to incur.

80.    Plaintiff requests that a judicial determination and declaration setting forth the parties' rights and obligations as necessary and appropriate in order to avoid a multiplicity of actions and in order for the respective parties herein to ascertain their rights and duties with respect to  Plaintiff's claims herein and each of them.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of six (6) for all claims and issues raised in its Verified Complaint to which it is or may be entitled to a jury trial.

PHILLIPS & BORDALLO

## *PRAYER*

WHEREFORE, Plaintiff, WORLD MERIDIAN SASAJYAN, LLC, prays for relief as follows:

1.      For the recovery of all response costs incurred or to be incurred by Plaintiff in connection with the deposit or threatened deposit of hazardous substances, wastes, trash, sediments, debris and contamination on Plaintiff's Property;

2.      For general compensatory and consequential damages in amounts to be shown in accordance with proof at the time of trial;

3.      For exemplary damages as allowed by 20 G.C.A. § 2120;

4.      An award of punitive damages against Defendants in amount to be determined at trial;

5.      Finding Defendants jointly and severally liable for all response costs and damages to natural resources in an amount to be proven at trial;

6.      For reimbursement of costs, restitution and a mandatory and/or prohibitory injunction requiring Defendants to enjoin and abate the alleged hazardous substances, trash, debris, wastes and/or contamination deposited on Plaintiff's Property and to perform any and all necessary repair, investigatory, assessment, monitoring, removal, remediation, treatment or cleanup or other similar work on and at Plaintiff's Property and in the vicinity of Plaintiff's Property indemnifying and holding Plaintiff harmless from any claims, demands, liability and damages related to or resulting therefrom, directly or indirectly, on terms and conditions acceptable to Plaintiff.;

7.      For reasonable attorney's fees, expert fees and costs of litigation;

8.     For judicial determination and declaration setting forth the parties' rights, obligations and duties as may be required by law; and

9.     For such other and further relief as the Court may deem proper.

Dated at Hagatna, Guam on this 13th day of August, 2021.

PHILLIPS & BORDALLO, P.C.
Attorneys for Plaintiff

By:     _____
        **MICHAEL F. PHILLIPS**

**<u>VERIFICATION</u>**

Hagåtña, Guam.     ) ss:

I, ARTEMIO B. ILAGAN, being first duly sworn, depose and state that I am the duly-appointed or authorized representative of Plaintiff WORLD MERIDIAN SASAJYAN, LLC, in the above-entitled action, and that I have read the foregoing COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PUBLIC AND PRIVATE NUISANCE; TRESPASS; WASTE; NEGLIGENCE AND NEGLIGENCE PER SE; DECLARATORY RELIEF; AND  DEMAND FOR JURY TRIAL, and know the contents thereof; that the matters stated therein are true of my own knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

_____
**ARTEMIO B. ILAGAN**

SUBSCRIBED AND SWORN to before me a Notary Public in and for Guam, U.S.A., this 13th day of August, 2021, by ARTEMIO B. ILAGAN.

_____
**NOTARY PUBLIC**

21

VIVIAN T. CRUZ
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: SEPT. 13 2022
133 Gaga St., Mangilao, Guam 96913



LOT PARCELING SURVEY MAP
OF
LOT 1, TRACT 1541
MUNICIPALITY OF MANGILAO

EXHIBIT A-1



EXHIBIT A-2



**GUAM ENVIRONMENTAL PROTECTION AGENCY • *AHENSIAN PRUTEKSIÓN LINA'LA' GUÅHAN***
LOURDES A. LEON GUERRERO • GOVERNOR OF GUAM | JOSHUA F. TENORIO • LIEUTENANT GOVERNOR OF GUAM
WALTER S. LEON GUERRERO • ADMINISTRATOR | MICHELLE C. R. LASTIMOZA • DEPUTY ADMINISTRATOR

**JUL 2 9 2021**

Samsung E & C America, Inc.
(Respondent)
Mr. ByungHyup Kim, Project Manager
Mangilao Solar Project
P.O. Box 218008
Barrigada, Guam 96921
Contact # 689-1790

**Subject:** **Notice of Violation / Compliance Order / Penalty Order**

The stated purpose of the Guam Soil Erosion and Sediment Control Regulations (GSESCR), 22 GAR Chapter 10, as implemented by Public Law 25-152, is "to control accelerated soil erosion, thereby preventing the pollution of Guam's waters from fertilizers, pesticides, sediments and other polluting substances carried by sediment, and to protect property and to promote the public health, safety and welfare by regulating grading, clearing, grubbing and stockpiling, and by setting minimum standards for erosion and sedimentation control for the island of Guam." Samsung E & C America, Inc. ("Respondent") has violated the GSESCR and is ordered to undertake remedial action(s) and pay a penalty as stated herein.

## BACKGROUND

Respondent is actively engaged in earth moving operations as a part of the Mangilao Solar Project located at Lot 1 – R3 Tract 1541 in the Marbo area, Mangilao, Guam. The project was previously permitted through DPW under several different building permits, all of which were reviewed and approved by GEPA. Work on the project has been ongoing since at least July 20, 2020, according to GEPA staff observations and email correspondence from Respondent's engineer. On the morning of July 23, 2021, GEPA received a forwarded complaint alleging discharges of runoff and sediment from Respondent's site. The complaints included photos taken off-site showing accumulations of sediment and water on off-site properties, and one photo showing a large sediment plume in the ocean, alleged to have been caused by Respondent's activities. In response, GEPA conducted a site inspection on July 23 between approximately 11:30 a.m. and 12:30 p.m. and observed evidence of significant off-site discharge and sedimentation from at least two locations along the site perimeter. GEPA staff further observed, and Respondent staff confirmed, that the approved erosion and sediment control (E&SC) measures had not been fully installed, and that other E&SC measures were still in the process of being installed, despite construction being at an advanced stage. In addition, GEPA staff observed that despite construction of the solar facility being nearly completed, active soil stabilization through re-vegetation had not yet begun, and evidence of mass soil erosion was observed throughout the entire site.

GEPA conducted follow-up inspections on July 28 to document evidence of discharge from the "Pond 5" location and Marbo Cave (located off-site), and observed evidence of significant

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÅLA'LA'*

Like and follow guamepa

**EXHIBIT** B-1

discharge of runoff and sediment from Respondent's project site into the cave, resulting in extensive erosion damage and sedimentation in the cave pools.

See attached reports for additional details and photographs.

## NOTICE OF VIOLATION

Based on the facts described above, GEPA finds that Respondent violated the following provisions of the Guam Soil Erosion and Sediment Control Regulations, 22 GAR Chapter 10, as implemented by Public Law 25-152:

1. 22 GAR §10104(C)(1) Erosion and Sediment Control Plans: Compliance. *All clearing, grading, embankment or filling, excavating and other earth moving operations, except those otherwise exempted from these regulations by the Administrator, must proceed in accordance with a duly approved Erosion and Sediment Control Plan.*

   Respondent failed to implement erosion and sediment control best management practices (BMPs) in accordance with the approved Erosion and Sediment Control Plan.

2. 22 GAR §10105(A)(1) Erosion and Sediment Control Plans and Measures: General policies for Erosion and Sediment Control. *All earth-moving operations on Guam shall be conducted in a manner that prevents accelerated land erosion, transportation of sediment to and along highways, or siltation of rivers, estuaries and marine waters.*

   Respondent failed to conduct the earth moving activities undertaken at the site in a manner that prevents accelerated land erosion and siltation of marine waters. Specifically, the earth-moving activities were being conducted without the proper installation or use of erosion and sediment control best management practices (BMPs), and without implementing measures such as revegetation to stabilize previously disturbed areas, leaving the entire site vulnerable to erosion.

3. 22 GAR §10105(A)(5) Erosion and Sediment Control Plans: Compliance. *No person shall perform any earth-moving operation so as to cause falling rocks, soil or debris in any form to fall, slide or flow onto adjoining properties or waters of Guam.*

   Respondent's earth-moving operations were conducted in such a way that allowed soil (sediment) to be carried in runoff which flowed onto adjoining properties, including Marbo Cave, and into waters of Guam.

4. 22 GAR §10105(B)(5)(e) Storm Water Drainage System and Control of Site Water Runoff. *Structural measures such as berms, dikes, traps, basins, shall be installed prior to any other grading, clearing, or disturbance of the existing surface of the site.*

   Respondent failed to install structural erosion and sediment control measures in accordance with the approved Erosion and Sediment Control Plan, prior to all other grading, clearing, and construction activities which resulted in disturbance of the entire existing surface of the site.



EXHIBIT B-2

5. 22 GAR §10105(B)(10)(a) & (e) Stabilization of Affected Areas. *(a) Stabilization of slopes, channels, ditches, berms, diversions, silt dams, or any disturbed areas shall begin as soon as possible and no later than thirty (30) calendar days after the final grade or final earth-moving activities has been completed; & (e) Any disturbed area not paved, sodded or built shall be seeded and mulched with vegetative cover appropriate to the soil type, as recommended by an engineer, or the condition of the area based on soil test analysis done by a laboratory. This condition does not prohibit the use of matting, gabion, armor coating on erodible surfaces or other type of vegetative cover that will minimize erosion.*

Respondent failed to stabilize disturbed areas with appropriate vegetative cover within 30 days after final grade had been achieved throughout a majority of the site area.

## COMPLIANCE ORDER:

Based on the foregoing Violations and pursuant to the authority granted to GEPA by 10 GCA Chapter 47 and Public Law 25-152, Respondent is HEREBY ORDERED to undertake the following remedial actions (all compliance dates shall be computed using calendar days):

1. **Within seven (7) days of receipt of this order:** Complete installation of interim measures intended to partially capture runoff and sediment prior to off-site discharge from the location of: (a) Pond 4 and (b) Pond 5. Coordinate approval of the scope and nature of such interim measures with GEPA and then contact GEPA for site inspection upon completion.

2. **Within fourteen (14) days of receipt of this order:**
   a. Submit to GEPA a revised design which includes an armored overflow weir from Pond 1, similar to that provided for Pond 3, to prevent the failure of the pond embankment in the event of an overtopping storm event.

   b. Complete the installation of the overflow weir at Pond 3, in accordance with the approved E&SC plan.

   c. Complete active soil stabilization/revegetation measures as called for in the approved E&SC plans.

3. **Within thirty (30) days of receipt of this order:**
   a. Complete installation of Ponds 2, 4, and 5 in accordance with the approved E&SC plan.

   b. Complete the installation of the armored overflow weir for Pond 1.

**Stand by to receive and implement additional order items** directed toward the clean-up and restoration of off-site properties and resources damaged by discharges of runoff and sediment from the project site. Such order items will be provided to Respondent in writing and may include requirements to coordinate and conduct work in cooperation with relevant Government of Guam agencies and private landowners.


EXHIBIT B-3

### PROPOSED PENALTY ORDER:

Based on the foregoing Violations and pursuant to the authority granted to GEPA by 10 GCA Chapter 47 and Public Law 25-152, GEPA hereby notifies Respondent of the Administrator's decision to issue a penalty order pursuant to 22 GAR §10114(b), which authorizes a civil penalty of no more than Ten Thousand Dollars ($10,000) per day per violation, up to a maximum civil penalty of One Hundred Twenty-five Thousand Dollars ($125,000).

GEPA is proposing a total civil penalty amount of Ten Thousand dollars ($10,000) per violation, per day. In accordance with 22 GAR §10114(b)(2), this penalty is proposed based on the extent and gravity of the violation, and the following factors considered by GEPA: 1) the violation resulted in a significant, direct impact to neighboring properties, resources of cultural and recreational significance, and waters of Guam; 2) Respondent is a large and experienced company and yet knowingly deviated from the approved E&SC plans, permit conditions, and regulations of Guam; and 3) Respondent realized an economic benefit by using the space allotted for E&SC measures for office, staging, and stockpiling areas.

The time period over which GEPA is assessing the proposed $10,000 penalty is for a period of three hundred sixty eight (368) days, from July 20, 2020, to July 23, 2021. For five (5) total violations over a period of three hundred sixty five (368) days, this amounts to a total of Eighteen Million, Four Hundred Thousand dollars ($18,400,000). However, the total penalty that may be assessed by GEPA is limited by 22 GAR §10114(b) to $125,000. **Therefore the total penalty amount is One Hundred Twenty-five Thousand Dollars ($125,000).**

This order does not prevent GEPA from taking additional actions including the issuance of penalties under 22 GAR §10114(A)(a) or (b). Please also note that if you fail to take the remedial actions listed above within the required timeframe(s), additional violations, remedial actions, and penalties may be assessed by Guam EPA.

### RIGHT TO APPEAL:

You may file within thirty days of the date of your receipt of this Notice of Violation/Compliance Order/Penalty Order, a Notice of Intent to Appeal also known as a Notice of Defense with the Guam EPA's Board of Directors. A copy of the Notice of Intent to Appeal/Notice of Defense is attached for your convenience.

Unless a written request for a hearing signed by or on behalf of the person, agency or business entity named above in this Notice of Violation/Compliance Order/Penalty Order is hand delivered or mailed to GEPA within thirty days after the Notice of Violation/Compliance Order/Penalty Order was personally served on you or mailed to you, GEPA may proceed upon the Notice of Violation/Compliance Order/Penalty Order without a hearing. A request for hearing may be made by delivering the enclosed form entitled "Notice of Intent to Appeal also known as A Notice of Defense", or by delivering a notice of defense as provided in 5 GCA §9205, to the following address:


EXHIBIT B-4

Guam Environmental Protection Agency Board of Directors
C/o Administrator Guam Environmental Protection Agency
Building 17-3304 Mariner Avenue
Tiyan Barrigada, Guam 96913

If you file a Notice of Intent to Appeal/Notice of Defense, the GEPA's Board of Directors shall hold a public hearing, at which time you may appear and present evidence in person or through counsel in support of this petition.

Failure to file a Notice of Intent to Appeal within the period specified above will constitute a waiver of your right to a hearing. If you waive your rights to a hearing the Notice of Violation/Compliance Order/Penalty Order will become final, and GEPA may proceed upon the Order without a hearing and without further notice to you.

Should you have any questions or need additional information, please do not hesitate to contact me and my staff at Water Pollution Control Program or Water Division Chief Engineer, CAPT Brian Bearden, P.E., BCEE at 300-4786 and 300-4779, respectively.

*Dångkolu na si Yu'us ma'åse'.*

*Senseramente,*

**WALTER S. LEON GUERRERO**
Administrator

Attachments:   Notice of Defense Form
Chief Eng. Inspection Report dated July 23 & 28, 2021
EMAS Inspection Report dated July 28, 2021

cc:         GEPA Legal Counsel


EXHIBIT B-5



GUAM ENVIRONMENTAL PROTECTION AGENCY • *AHENSIAN PRUTEKSIÓN LINA'LA' GUÅHAN*

LOURDES A. LEON GUERRERO • GOVERNOR OF GUAM | JOSHUA F. TENORIO • LIEUTENANT GOVERNOR OF GUAM
WALTER S. LEON GUERRERO • ADMINISTRATOR | MICHELLE C. R. LASTIMOZA • DEPUTY ADMINISTRATOR

**July 23, 2021**
**(revised July 26 to add additional images of approved plans; and July 28 to address Pond 5 inspection)**

TO:         FILE

FROM:       Chief Engineer, Guam Environmental Protection Agency

SUBJECT:    Site Inspections at Samsung Mangilao Solar Project Site, July 23 and 18, 2021

I inspected to subject site on Friday, July 23, 2021 between about 11:30 a.m. and 12:30 a.m. with Water Pollution Control Manager Johnny Abedania, in response to complaints that had been forwarded by email earlier that same morning, and by social media earlier in the week. Upon arrival at the site we were met by the site safety officer and brought to the front entrance to meet the Samsung project management team. Mr. ByungHyup Kim was introduced as the project manager for Samsun E&C America, Inc. Once they greeted us, I explained that we were there in response to a complaint and that we wanted to start at their field office with a review of the site plans, and then proceed from there to verify whether the approved erosion and sediment control (E&SC) measures had been installed as per the approved plans.

We followed them to the site office and the site plans were brought to us, in addition to a series of aerial photos of the project site taken by drone. The most recent aerials were labeled July 22, 2021, and we confirmed with the project manager and support staff that the photos were taken on that day. See following pages for photos of site plans and drone aerial images, with notes.

From the aerial images I noted that the location of Pond 4 appeared to coincide with the location of the project offices. Mr. Kim and staff confirmed that Pond 4 had not been constructed yet, and that the project offices were indeed located in the same spot. I also noted that construction of Ponds 1 and 3 appeared to still be underway. This was also confirmed by Mr. Kim and others that were present.

We then set out to inspect the area of Ponds 4 and 2 by foot. Pond 4 had not been constructed, but the beginnings of the earthworks berm that would form the lower portions of the ponds were present, but not complete. I observed evidence of a large discharge of runoff from the area toward the fence, and a single line of silt fence that had been buried by accumulated sediment. The Samsung staff present confirmed that this was the location of the complaint from the neighbors. This discharge was located in the area where Pond 4 was supposed to have been built, and I pointed out that if it had been built as per the plan, the discharge to the neighbor's property would likely not have happened. We then walked further down slope to Pond 2, which had been built and was full of water and sediment, although the surrounding berm did not look finished and I did not get an affirmative answer if the pond was final or still in progress.

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU I ODU I MANTÅLATA*

Like and follow guamepa

**EXHIBIT** *C-1*

We then drove through the project site to visit Ponds 1 and 3. On the way I stopped and took pictures of an area where evidence of a large discharge of runoff was present. This area does not appear to be served by a sedimentation basin (pond) in the approved E&SC plans, and is directly upstream of Marbo Cave according to the site plans. On the way between Ponds 3 and 1, I observed that the perimeter swale had a large number of ironwood saplings growing in it, as well as a lot of sediment that was obstructing the cross section of the swale. (See addendum below – Pond 5 was added to the site E&SC plans and approved by GEPA on January 4, 2021. I inspected with Johnny Abedania on July 28, 2021 to further investigate).

Pond 3 was mostly in place but according to Mr. Kim it was not yet finished; the stone overflow structure still needed to be built. We observed that runoff had only filled Pond 3 about a foot or two. Pond 1 was complete, according to Mr. Kim. We observed that runoff had filled Pond 3 almost to the point of overflowing, by evidence of a clearly visible high water mark. However Mr. Kim stated that it had not overflowed. We observed that there were several stockpiles of material in Pond 1 that served to reduce its capacity to hold runoff. We also observed that a large amount of sediment had accumulated in Pond 3, and discussed the need for maintenance to remove it periodically, and completely once the site was stabilized with vegetation, to ensure that the pond worked as an infiltration basin post-construction.

I held a brief discussion at this point to summarize our findings. The summary consisted of the following:
- Sedimentation basins (ponds) had not been constructed prior to the start of clearing and construction operations, and that this sequence of operations was required by Guam's regulations and was also spelled out in the approved plans that we reviewed at the office. I noted that Samsung is a very large company and should have known the proper sequence of installing E&SC measures.
- There was evidence of discharge of runoff off-site, and also evidence submitted to us electronically that sediment-laden runoff had discharged to the ocean.
- I strongly recommended that Samsung begin construction of Pond 4, at the very least the lower sections of the pond where the office is not located, to prevent further discharge.
- I recommended that Samsung take active steps to begin re-vegetating the site to stabilize the soils, which will reduce both runoff volume and the quantity of sediment that accumulates in the ponds.
- I recommended that the ironwood saplings seen growing in the perimeter swales be removed as soon as possible, otherwise they would block the flow of water and potentially cause discharge of runoff off-site, instead of to the approved ponds.

I concluded by informing Mr. Kim that I would provide my findings to the GEPA Administrator and USEPA NPDES Construction General Permits program, and that a determination of whether to pursue enforcement action would be made by them.

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300-4751/2 | Fax: (671) 300-4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU I ODU I MANILALA LA*

 *Like and follow guamepa*


EXHIBIT C-2

ADDENDUM (July 28, 2021)

Upon review of revisions to the E&SC plan approved by GEPA on January 4, 2021, which added Pond 5, I conducted a second inspection at the site to further investigate the area that we had observed which appeared to have discharged off-site toward Marbo Cave.

In addition, on the morning of July 28, 2021, Samsung (via Mr. Kim) submitted an update email describing work to maintain Pond 5, which stated "Pond 5 Cleaning: Cleaning continues while simultaneously trimming the rough edges to create a smooth slope to tiered bench levels. "

I conducted the inspection with Helen Gumataotao, Environmental Inspector I, between approximately 11:00 a.m. and 11:30 a.m. on July 28, 2021. We were met at the front gate by Mr. Kim and other representatives of Samsung. I explained that we were there to inspect the location of Pond 5, which we had missed during the previous inspection on July 23. We were led into the site and to the location of Pond 5. We saw that active construction was underway, and Mr. Kim confirmed that Pond 5 had not been fully installed yet. We saw that the excavation for Pond 5A had been partially completed, which we were told happened in June, but we also observed and confirmed that the perimeter swale was not connected to the Pond 5A excavation.

We observed that the perimeter swale had discharged to the open ground near the fence, and along with the surface runoff from the surround project area, had left a very large alluvial/delta formation of sediments, up to and including rocks around 1 to 2 feet in diameter. The deposited sediments could be seen extending into the forest far past the site boundaries, toward the Marbo Cave area.

Pond 5B installation had only just begun, following our July 23 inspection. Mr. Kim explained that a temporary pond had been created using the available earth fill material, as shown in the photos. The permanent pond will be formed by the embankment downhill from the temporary embankment, but placement and compaction of fill for the permanent embankment had not yet begun. I expressed my concern to Mr. Kim that the temporary pond berm might be easily washed out by another large storm event because it appeared to have not been compacted in lifts, and was constructed of a topsoil-like material that did not appear to meet the typical requirements for embankment fill.

Other contractors (Ian Corporation) were seen on site installing a new line of silt fence along the property boundary, downslope of the Pond 5 area.

We observed extensive scouring and erosion of almost the entire upland project area above the Pond 5 area, with the ground surface beneath the solar panels visibly scoured down to bare limestone, with only thin deposits of sand and other sediments showing the direction that runoff had taken during the heavy rains the week before.

Upon return to the office I informed Jesse Cruz of the Environmental Monitoring and Surveillance Division of the possibility that sediment and runoff had reached Marbo Cave, and suggested that he inspect. He conducted an inspection the same afternoon and found evidence of significant

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANTATATA*

 Like and follow guamepa


EXHIBIT C-3

damage from runoff and sedimentation inside and around Marbo Cave. His findings will be detailed in a separate report.

See attached photos.

Digitally signed by
BEARDEN.BRIAN.GAINES.1405922793
DN: c=US, o=U.S. Government, ou=DoD,
ou=PKI, ou=USPHS,
cn=BEARDEN.BRIAN.GAINES.1405922793
Date: 2021.07.28 16:12:30 +10'00'

BRIAN G BEARDEN
CAPT, U.S. Public Health Service
Chief Engineer, Guam EPA

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANLÅLÅLA'

 *Like and follow guamepa*

EXHIBIT C-4

Overall site plan, but note that the designs of Pond 3 (center bottom) and Pond 4 (right bottom) were changed, and a Pond 5 was added (upper annotated discharge location) w/ GEPA approval (see additional photos)



(July 23, 2019)
Annotations in red added to highlight location of discharges toward Marbo Cave (upper) and from Pond 4 area (lower), which was the subject of the complaint.

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 Tel: (671) 300-4751/2 Fax: (671) 300-4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU' I ODU I MANLALALA

Like and follow guamepa

EXHIBIT C-5

Revised Pond 3 plan, as approved by GEPA July 2020. Note stone riprap at overflow. Per Samsung, this had not yet been installed. (July 23, 2021)



GUAM EPA | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 Tel: (671) 300-4751/2 Fax: (671) 300-4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANU'NU TODU I MANLÁLALA

  Like and follow guamepa

EXHIBIT C-6

Site aerial image taken July 22, compared to approved E&SC plans (revised plan approved July 2020 in center), showing location of office at Pond 4 site (July 23, 2021)







...red to approved E&SC plan (July 23, 2021)

Aer...



**GUAM EPA** | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913 1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531| epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANNALA'A
Like and follow guamepa

EXHIBIT C-7







Site aerial image of Pond 1 area, taken July 22, 2021, compared to approved E&SC plan: (July 23, 2021)

**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913 1617  Tel: (671) 300-4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANE'NU I CHA'I MANÅLA'LA

Like and follow guamepa

EXHIBIT C-8





**GUAM EPA** | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913 1617 Tel: (671) 300.4751.2 Fax: (671) 300.4531 | epa.guam.gov

ALL LIVING THINGS OF THE EARTH ARE ONE · MANUNU I GINI I MANJALELA

 Like and follow guamepa

EXHIBIT C-9

View looking from site office to area where start of Pond 4 berm and swale should be located. (July 23, 2021)



View looking downslope where Pond 4 berm construction has begun, and toward Pond 2 in distance. (July 23, 2021)



**GUAM EPA** | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANTALALA'

 *Like and follow guamepa*

EXHIBIT C-10

Looking back upslope toward Project Site Office, showing start of (revised) Pond 4 excavation (July 23, 2021)



Location of discharge from Pond 4 area to off-site. This is reportedly the location of the complaint. See next page for close up. (July 23, 2021)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLÁTA'*

 *Like and follow guamepa*

EXHIBIT C-11

Close up of Pond 4 discharge location. Note accumulated sediment in delta-pattern, and overwhelmed silt fence. (July 23, 2021)



Pond 2, with accumulated runoff and sediment from storm. This pond does not appear to be finished. (July 23, 2021)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÂLA'LA*

 *Like and follow guamepa*


EXHIBIT C-12

Location of apparent discharge toward Marbo Cave.  See next photo for close-up. (July 23, 2021)



Close-up of area that appears to be a large, unprotected off-site discharge toward Marbo Cave area. Note large delta-type formation of sediments, indicating long-term history of discharge. (July 23, 2021)



**GUAM EPA|** 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300-4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANDÁLA LA'

*Like and follow guamepa*



EXHIBIT C-13

Pond 3. Overflow weir in distance is not yet finished – still requires stone riprap. (July 23, 2021)



Perimeter berm which conveys runoff to Pond 3. Ironwood saplings and a large amount of accumulated sediment obstruct the flow. (July 23, 2021)



**GUAM EPA** | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU I ODU I MANLALALA*

 *Like and follow guamepa*


EXHIBIT C-14

Pond 1. Note stockpiles of earth material, which reduce pond capacity. Also note high water mark from the previous storms. (July 23, 2021)



Close up of Pond 1 rim, showing high water mark indicating near-overtopping from prior storm. (July 23, 2021)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODUI MANLÁLATA'*

  *Like and follow guamepa*

EXHIBIT C-15

Images received over social media with original complaint. Bottom image purports to show sediment plume in ocean, originating from Samsung Mangilao Solar Project. (July 23, 2021)



**GUAM EPA |** 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300-4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANLALALA

 *Like and follow guamepa*

EXHIBIT C-16

Notes section from approved E&SC plan as obtained from Samsung during inspection. (July 23, 2021)

SHORE LINE

Note concerning required sequence of construction

GUAM EPA | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANLÅLALA'
Like and follow guamepa



EXHIBIT C-17

ADDENDUM: Inspection of Pond 5, July 28, 2021.  Excerpt from revised E&SC plans approved
by GEPA January 4, 2021, adding Pond 5 to the area which would discharge toward Marbo Cave:



Perimeter swale shown in photos

Pond 5A

Pond 5B

GUAM EPA | 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • MANUNU TODU I MANLALALA

 Like and follow guamepa

EXHIBIT C-18

The location of the Marbo Cave discharge and Pond 5, showing activity underway to install E&SC measures on July 28, 2021:



The beginning of construction work for Pond 5B. The soil embankment is to delineate a temporary storage pond, while the permanent embankment is installed just beyond (to the right). Base preparation for the permanent embankment has begun, but emplacement and compaction of embankment fill had not yet begun (July 28, 2021):



**GUAM EPA |** 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913 1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLALA*

Like and follow guamepa


EXHIBIT C- 19

Pond 5A excavation, which according to Samsung site personnel was begun in June. However the excavation is not yet connected to the site swale, so mass runoff is unable to enter the basin. Sedimentation pictured is from incidental runoff that the excavation collected due to its location (July 28, 2021):



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLALA*

  *Like and follow guamepa*

EXHIBIT C-20

The perimeter swale which would discharge to Pond 5, but at the time of inspection it was not connected and sedimentation patterns showed that runoff discharged off-site (July 28, 2021)



**GUAM EPA |** 17 3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLA'LA'*

  *Like and follow guamepa*

EXHIBIT C-21

This is the area where the perimeter swale currently discharges. A large delta-type (alluvial) formation of sediment is evident, showing that a large volume of runoff discharged off-site during the recent rainfall events (July 28, 2021).



A view of the sediment discharged off-site during the recent rainfall events. The size of the deposited rocks demonstrates that flow volumes and velocities were very high. The top of the perimeter silt fence can be seen, where it was knocked down and overtopped. (July 28, 2021)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLÁLA*

 *Like and follow guamepa*


EXHIBIT C-22

Another view of the sediment plume/delta formation resulting from the off-site discharge during the rain events the week of July 19. This photo is looking toward the off-site properties, headed downhill roughly in the direction of Marbo Cave. (July 28, 2021)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300.4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLA'LA'*

   *Like and follow guamepa*

EXHIBIT C-23

View toward Pond 5B location. The graded area to the right of the earthen embankment is the base of the permanent pond embankment, which Samsung had not yet begun to install. (July 28, 2021)



A partial view of the uphill project area which contributed to the discharge of runoff the week of July 19. Soil and fill material has been scoured from an area several hundred feet wide, leaving bare limestone bedrock in much of the area covered by the solar panels. (July 28, 2019)



**GUAM EPA** | 17-3304 Mariner Avenue Tiyan Barrigada, Guam 96913-1617 | Tel: (671) 300-4751/2 | Fax: (671) 300.4531 | epa.guam.gov
ALL LIVING THINGS OF THE EARTH ARE ONE • *MANUNU TODU I MANLÁLÁTA'*

  *Like and follow guamepa*

EXHIBIT C -24

FILED
SUPERIOR COURT
OF GUAM

2021 SEP -3 PM 4: 49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WORLD MERIDIAN SASAJYAN, LLC., | Superior Court Case No. **CV0607-21** |
| Plaintiff, | |
| vs. | **FORM ONE – DISQUALIFICATION** |
| | 7 GCA § 6106 Memorandum |
| KOREA ELECTRIC POWER COMPANY / KEPCO-LG CNS MANGILAO SOLAR, LLC, SAMSUNG E & C AMERICA, INC., and DOES 1 through 10, Inclusive, | |
| Defendants. | |

Under Guam law, a judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 7 GCA § 6105(a). This extends to personal interests of the members of a Judge's household. 7 GCA § 6105(b)(5).

The undersigned's spouse is a party to a lawsuit in the District Court of Guam, in which the law firm Civille & Tang, PLLC represents the opposing party. Civille & Tang, PLLC also represents Defendant Kepco Mangilao Solar, LLC, fka Kepco-LG CNS Mangilao Solar, LLC, in this case. Because my impartiality as the Judge presiding over this case may reasonably be questioned, pursuant to 7 GCA § 6105 and Canons 3E and 3F of the Model Code of Judicial Conduct, I will continue to sit on this case if all currently appearing parties file written agreements waiving this disqualification within fourteen (14) days of the filing of this memorandum. (Form Two, or a document substantively similar to it, shall be used to agree.) **If**

**the parties do not file written agreements waiving disqualification, the case will be**

**reassigned to another judge.**

     In accordance with 7 GCA § 6106, a copy of this Memorandum shall be transmitted by

the clerk to each party or attorney who has appeared in this action.

     Dated this 3rd day of September 2021.

**HON. ELYZE M. IRIARTE**

**Judge, Superior Court of Guam**